UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

TAMMY ZONA and FREDERICK BAIN,
*individually and on behalf of all others*
*similarly situated*,

                    Plaintiffs,

v.

ARNOT HEALTH, INC.,
ARNOT OGDEN MEDICAL CENTER,
and ST. JOSEPH'S HOSPITAL,

                    Defendants.

Case # 6:20-CV-6902-FPG

DECISION & ORDER

## INTRODUCTION

Plaintiffs Tammy Zona ("Zona") and Frederick Bain ("Bain"), individually and on behalf of all others similarly situated, (collectively, "Plaintiffs") bring this class action against Defendants Arnot Health, Inc., Arnot Ogden Medical Center, and St. Joseph's Hospital (collectively, "Defendants") arising from Defendants' compensation practices for "non-exempt" nurses.  ECF No. 39 at 2.

Presently before the Court are (1) Plaintiffs' motion for class certification pursuant to Federal Rule of Civil Procedure 23, ECF No. 41; and (2) Defendants' cross-motion seeking dismissal pursuant to Federal Rule of Civil Procedure 12(b)(1), or, in the alternative, seeking summary judgment under Federal Rule of Civil Procedure 56, ECF No. 44.

For the reasons set forth below, Defendants' motion to dismiss is GRANTED IN PART insofar as the Court must decline jurisdiction over this action under the local controversy exception to the Class Action Fairness Act.  The remaining aspects of Defendants' motion, including their motion for summary judgment, are DENIED AS MOOT.  Plaintiffs' motion for class certification

is DENIED AS MOOT.   Plaintiff's Amended Complaint is DISMISSED WITHOUT PREJUDICE.

## BACKGROUND

Zona commenced this action on October 28, 2020, with the filing of the initial complaint in this matter against Defendants and Quest Staffing Group, Inc. ("Quest")  ECF No. 1.  This Court's subject matter jurisdiction was purportedly based upon the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2).  ECF No. 1 ¶ 9.  Zona alleged that this "[C]ourt has original jurisdiction over Plaintiffs' Rule 23 class action claims because the amount in controversy exceeds $5,000,000, and because Zona and Defendants are citizens of different states.  Moreover, the number of proposed class members in New York exceeds 100." *Id.*

On December 15, 2020, Defendants filed an answer, ECF No. 13, and this case was subsequently referred to United States Magistrate Judge Marian W. Payson for all pretrial matters excluding dispositive motions, ECF No. 15.  On February 18, 2021, Judge Payson issued a Scheduling Order governing discovery and dispositive motion deadlines.  ECF No. 21.

On October 11, 2021, Zona voluntarily dismissed her claims against Quest without prejudice, and the Court ordered Quest to be terminated as a defendant in this suit.  ECF No. 33; ECF No. 34.  On January 18, 2022, Zona and Bain filed the operative complaint (the "Amended Complaint"), which did not name Quest as a defendant.  ECF No. 39.  The Amended Complaint asserted subject matter jurisdiction on the same basis (Class Action Fairness Act) as the initial complaint.  *Id.* ¶ 9.  Defendants filed an answer to the Amended Complaint on January 31, 2022. ECF No. 40.

Thereafter, on February 14, 2022, Plaintiffs moved for an order certifying a class under Federal Rules of Civil Procedure 23(a) and (b)(3).  ECF No. 41.  Defendants responded in

opposition on March 8, 2022. That same day, Defendants filed a cross-motion seeking dismissal pursuant to Federal Rule of Civil Procedure 12(b)(1) based upon a lack of subject matter, or, in the alternative, seeking summary judgment under Federal Rule of Civil Procedure 56. ECF No. 44.

Plaintiffs responded to Defendants' cross-motion, consenting to dismissal for lack of subject matter jurisdiction, but arguing that such dismissal should be without prejudice. ECF No. 48 at 9-12. Further, Plaintiffs argue that Defendants' motion for summary judgment should be denied as moot. *Id.* at 12. Defendants replied on April 5, 2022, "maintain[ing] that dismissal for lack of subject matter jurisdiction as outlined in the original moving papers and conceded by Plaintiffs is appropriate." ECF No. 49 at 6. In addition, Defendants urge the Court that, in the event it does exercise its jurisdiction over this matter, summary judgment should be granted. *Id.*

## LEGAL STANDARDS

"When presented with an unopposed motion, the Court 'may not find for the moving party without reviewing the record and determining whether there is sufficient basis for granting the motion.'" *Patterson v. Ludlow*, No. 17-CV-1068, 2021 WL 492878, at *1 (W.D.N.Y. Feb. 10, 2021) (quoting *Haidon v. Budlong & Budlong, LLC*, 318 F. Supp. 3d 568, 574-75 (W.D.N.Y. 2018)).

"A plaintiff seeking to bring a lawsuit in federal court must establish that the court has subject matter jurisdiction over the action." *Yusim v. U.S. Dep't of Hous. and Urb. Dev.*, 409 F. Supp. 3d 125, 128 (E.D.N.Y. March 28, 2018). "If the court determines at any time that it lacks subject matter jurisdiction, it must dismiss the action." *Id.* "A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Id.* (quoting *Makarova v. U.S.*, 201 F.3d 110, 113 (2d Cir.

2000)) (internal quotation marks omitted). "Such as here, when a party moves for dismissal under Rule 12(b)(1) and on other grounds, courts consider the Rule 12(b)(1) challenge first. If a court finds that it lacks subject matter jurisdiction, then the accompanying defenses and objections become moot." *Id.* (citations & internal quotation marks omitted).

## DISCUSSION

### I.     CAFA Jurisdiction

Plaintiffs' alleged basis for jurisdiction is the Class Action Fairness Act ("CAFA"). Pub. L. No. 109-2, 119 Stat. 4 (2005) (codified, in part, at 28 U.S.C. § 1332(d)). CAFA "confer[s] federal jurisdiction over any class action involving '(1) 100 or more class members, (2) an aggregate amount in controversy of at least $5,000,000, exclusive of interest and costs, and (3) minimal diversity, *i.e.*, where at least one plaintiff and one defendant are citizens of different states.'" *Shulman v. Chaitman LLP*, 392 F. Supp. 3d 340, 350 (S.D.N.Y. 2019) (quoting *Cutrone v. Mortg. Elec. Registration Sys., Inc.*, 749 F.3d 137, 142 (2d Cir. 2014)) (additional citations omitted). "Under CAFA, as under the traditional rule, the party asserting subject matter jurisdiction has the burden of proving . . . that there is a 'reasonable probability' that the jurisdictional requirements of CAFA have been satisfied." *Id.*

Defendants argue, *inter alia*, that the "local controversy" exception to CAFA applies to this case and this Court must therefore decline to exercise jurisdiction.[1] ECF No. 44-1 at 15. Plaintiffs agree that the local controversy applies but assert that dismissal must be without prejudice. ECF No. 48 at 11.

To demonstrate that the local controversy exception is applicable, a party must show:

---

[1] The Court need not reach Defendants other arguments to conclude that it will not exercise jurisdiction over this matter. *See Moore v. IOD Incorporated*, 14-CV-8406, 2016 WL 8941200, at *8 (Mar. 24, 2016) (finding that the local controversy exception applied and thus concluding that the court "need not reach Defendants' alternative arguments for dismissal").

(1) more than two-thirds of the class members are New York citizens; (2) at least one key defendant is a New York citizen; (3) the alleged conduct causing injury occurred in New York; and (4) no other class action has been filed asserting similar factual allegations against any of the defendants on behalf of the same or other persons during the three-year period preceding the filing of this case.

*Cunningham v. Pret a Manger (USA) Ltd.*, No. 19-cv-02322, 2020 WL 122835, at *4 (S.D.N.Y. Jan. 10, 2020).

"[This] mandatory exception[ ] to CAFA jurisdiction [is] designed to draw a delicate balance between making a federal forum available to genuinely national litigation and allowing the state courts to retain cases when the controversy is strongly linked to that state." *Ramirez v. Oscar De La Renta, LLC*, No. 16-CV-7855, 2017 WL 2062960, at *7 (S.D.N.Y. May 12, 2017) (citing *Henry v. Warner Music Grp. Corp.*, No. 13-CV-5031, 2014 WL 1224575, at *4 (S.D.N.Y. Mar. 24, 2014)).  Because it is mandatory, if the local controversy exception applies "the Court must decline jurisdiction."[2]  *Abdale v. North Shore-Long Island Jewish Health Sys., Inc.*, No. 13–CV–1238, 2014 WL 2945741, at *7 (E.D.N.Y. June 30, 2014).  Courts apply a preponderance-of-the-evidence standard to determine whether a CAFA exception applies.  *Id.*

Here, the parties agree that the local controversy exception applies and that the Court must decline to exercise jurisdiction over this case.  After reviewing their arguments and supporting evidence, the Court agrees.  First, the parties agree that more than two-third of the class members are New York citizens, and Defendants have submitted an affidavit from a non-party attesting to that fact, with supporting evidence attached to it (records showing that more than two-thirds of the

---

[2] Though Defendants cite Federal Rule of Civil Procedure 12(b)(1) as a vehicle for their motion, *see* ECF No. 44-1 at 6, the Second Circuit has indicated that the mandatory CAFA exceptions do not strip the federal courts of jurisdiction. *See Gold v. New York Life Ins. Co.*, 730 F.3d 137, 141–42 (2d Cir. 2013).  Rather, mandatory CAFA exceptions require that the courts *decline to exercise* their jurisdiction.  *See Demond Moore & Michel Kimmelman, P.C. v. IOD Incorporated*, No. 14-CV-8406, 2016 WL 8941200 (S.D.N.Y. Mar. 24, 2016) ("Because the same 'shall decline to exercise' language is found in the local controversy exception of Section 1332(d)(4), it follows that the same result articulated in *Gold* applies here: the local controversy exception does not deprive me of subject matter jurisdiction over the matter, but rather directs that, even though I have jurisdiction under CAFA, I must decline to exercise it.").

putative class are New York citizens).  ECF No. 44-1 at 15-16; ECF No. 44-14; ECF No. 44-15; ECF No. 44-16; ECF No. 44-17; ECF No. 44-18.  Based on the data in these records, Defendants assert that "at least 73% of the proposed class-members are citizens of New York State."  ECF No. 44-1 at 15.  The Court agrees with the parties that these records demonstrate, by a preponderance of the evidence, that more than two-thirds of the putative class are New York citizens.  *See Simmons v. Ambit Energy Holdings, LLC*, No. 13–CV–6240, 014 WL 5026252, at \*3 (S.D.N.Y. Sept. 30, 2014) (finding defendants met their burden where they "have shown that at least two-thirds of the class members are—or at least very likely are—citizens of New York").

The parties also agree that at least one key defendant is a New York resident.  In fact, all Defendants are incorporated in New York, and each have their respective principal place of business in New York.  ECF No. 44-1 at 15; ECF No. 48 at 11.  Further, there is nothing in the record or pleadings that suggests otherwise.  Therefore, the Court is satisfied that the second element is met by a preponderance of the evidence.

Turning to the third element, the parties agree that the alleged conduct causing injury occurred in New York State.  Plaintiffs contend that "all of the work locations where Plaintiffs allege violations [regarding Defendants' compensation practices] occurred are within New York state."  *Id.*  Defendants concur, asserting that "all of Plaintiffs' alleged injuries are based upon work exclusively performed in NY."  ECF No. 44-1 at 15.  Based on these averments, the Court is satisfied that the third element is met by a preponderance of the evidence.

Finally, the Court considers the fourth element: that "no other class action has been filed asserting similar factual allegations against any of the defendants on behalf of the same or other persons during the three-year period preceding the filing of this case."  *Cunningham*, WL 122835, at \*4.  The parties agree that no such action has been filed and Plaintiffs conducted independent

research on a relevant legal database in further support of this conclusion.  ECF No. 44-1 at 15; ECF No. 48 at 11.  Thus, the Court finds that the fourth and final element has been met by a preponderance of the evidence.

Accordingly, with all elements met by a preponderance of the evidence, the Court finds that the local controversy exception to CAFA applies and the Court is therefore mandated to decline to exercise jurisdiction over this case.

## II.     Dismissal Without Prejudice and Remaining Motions

Under the analysis above, the Court must decline to exercise jurisdiction over this matter under the local controversy exception to CAFA.  Because the Court is declining to exercise jurisdiction, dismissal of this action must be without prejudice.  *See Mattera v. Clear Channel Commc'ns*, 239 F.R.D. 70, 81 (S.D.N.Y. 2006).

Defendants' motion for summary judgment is DENIED AS MOOT.  The Court need not reach Defendants' alternative arguments for dismissal where it finds the local controversy exception to CAFA applies.  *See Moore*, 2016 WL 8941200, at *8.  Plaintiffs' motion for class certification is also DENIED AS MOOT.

## CONCLUSION

For the reasons stated above, the Court is required to decline jurisdiction over this case. Accordingly, Defendants' motion to dismiss is GRANTED IN PART, ECF No. 44, insofar as they argue that the Court must decline to exercise jurisdiction over this matter under the local controversy exception to CAFA.  Plaintiffs' Amended Complaint, ECF No. 39, is DISMISSED WITHOUT PREJUDICE to Plaintiffs refiling their suit in an appropriate state court.  The remaining aspects of Defendants' motion, ECF No. 44, including summary judgment, are

DENIED AS MOOT as the Court need not reach Defendants' alternative arguments for dismissal.

Plaintiffs' motion to certify a class, ECF No. 41, is DENIED AS MOOT.

The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

DATED:      Rochester, New York
            April 15, 2022

_____
HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York